5781190.12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**JAN 3 1 2022**

**JEFFREY P. COLWELL**
CLERK

Civil Action No.

(To be supplied by the court)

CAPTAIN GRANT MITCHELL SAXENA, USA, RETIRED, Plaintiff

v.

CITY & COUNTY OF DENVER, COLORADO, et., al.

MARK M. ALLEN

KENNETH BOYD

BRIAN T. CAMPBELL

MICHELLE L. FOLMAR

GARY JACKSON

RACHEL LOPEZ

BETH MCCANN

ANTHONY MONTOYA

RACHEL ROBINSON

ALLISON ROCKER, Defendant(s).

*(List each named defendant on a separate line.  If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names of the defendants listed in the above caption must be identical to those contained in Section B.  Do not include addresses here.)*

**COMPLAINT**

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

---

A.     **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Captain Grant Mitchell Saxena, U.S.A., Retired
5725 Corporate Way
Suite 206
#3044
West Palm Beach, FL 33407
(442) 229-4026
grant.saxena@gmail.com

2

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendants in Alphabetical Order:

Defendant 1:
MARK M. ALLEN
Denver Police Department Headquarters
1331 Cherokee Street
Denver, CO 80204
720-323-4421

Defendant 2:
KENNETH BOYD
Denver District Attorney's Office
201 W. Colfax Avenue
Denver Co, 80202
720-913-9149 (O) | 720-913-9035 (F)

Defendant 3:
BRIAN T. CAMPBELL
Lindsey-Flanigan Courthouse
520 W Colfax Ave
Denver, CO 80204
(720) 865-7800

Defendant 4:
MICHELLE L. FOLMAR
Denver Police Department Headquarters
1331 Cherokee Street
Denver, CO 80204
720-323-4421

Defendant 5:
GARY JACKSON
Lindsey-Flanigan Courthouse
520 W Colfax Ave
Denver, CO 80204
(720) 865-7800

Defendant 6:
<u>RACHEL LOPEZ</u>
Denver District Attorney's Office
201 W. Colfax Avenue
Denver Co, 80202
720-913-9149 (O) | 720-913-9035 (F)
Rachel.Lopez@denverda.org


Defendant 7:
<u>BETH MCCANN</u>
Denver District Attorney's Office
201 W. Colfax Avenue
Denver Co, 80202
720-913-9149 (O) | 720-913-9035 (F)


Defendant 8:
<u>ANTHONY MONTOYA</u>
Denver Police Department Headquarters
1331 Cherokee Street
Denver, CO 80204
720-323-4421


Defendant 9:
<u>RACHEL ROBINSON</u>
Denver District Attorney's Office
201 W. Colfax Avenue
Denver Co, 80202
720-913-9149 (O) | 720-913-9035 (F)


Defendant 10:
<u>ALLISON ROCKER</u>
Denver District Attorney's Office
201 W. Colfax Avenue
Denver Co, 80202
720-913-9149 (O) | 720-913-9035 (F)

**C. JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

_____ Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

        List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

__X__ Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of <u>Florida _____</u>.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of <u>Colorado.</u>

Defendant 1 has its principal place of business in <u>Colorado.</u>

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

MARK M. ALLEN is a Denver employee and resident of Colorado.

KENNETH BOYD is a Denver employee and resident of Colorado.

BRIAN T. CAMPBELL is a Denver employee and resident of Colorado.

MICHELLE L. FOLMAR is a Denver employee and resident of Colorado.

GARY JACKSON is a Denver employee and resident of Colorado.

RACHEL LOPEZ is a Denver employee and resident of Colorado.

BETH MCCANN is a Denver employee and resident of Colorado.

ANTHONY MONTOYA is a Denver employee and resident of Colorado.

RACHEL ROBINSON is a Denver employee and resident of Colorado.

ALLISON ROCKER is a Denver employee and resident of Colorado.

## D.    STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action.  For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim.  You do not need to cite specific legal cases to support your claim(s).  If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s).  Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: § 13-80-102, C.R.S. Personal Injury from Malicious Prosecution and Abuse of Process.

Supporting facts:

1. Captain Saxena, USA, Retired is a 100% service-disabled veteran who was arrested for a lowly misdemeanor level three (18M04752) at Denver International Airport traveling from a resident country of Mexico on 10 May 2018, while carrying electronic medical devices in his luggage. Deputy of arrest record is P84063 Allen. Folmar and Montoya are supervisors who assigned Allen to maliciously prosecute. Boyd, Rocker, McCann, Lopez, and Robinson are the city attorneys involved in causing my injury. Campbell and Jackson are the city judges who authorized false warrants and ordered disabled veteran abuse causing bodily harm respectively. Two and one half (2.5) years after the alleged June 2017 singular incident occurrence, the fraudulent case closed on 26 January 2020.

2. a) Allen began his actions on 23 April 2018 at 0654 am.
   b) Folmar authorized the malicious prosecution on 02 May 2018.
   c) Montoya instructed re-opening of the case on 11 May 2018.

   Denver city employees Allen, Folmar and Montoya abused my due process through malicious prosecution of a 30 June 2017 first-time alleged misdemeanor three (M3) - the lowest level of crime possible in colorado above petty infractions - by processing incomplete evidence with zero forensic links to me, tampering with the false-victim witness during an interview, running an unauthorized background checks in National Crime Information Center, Colorado Crime Information Center, Department of Motor Vehicle, Versadex, and Facebook without probable cause, and obtaining a slanderous, libel and hearsay based warrant including tampered evidence. 18M04752 is essentially a secondary double jeopardy charge for false arrest & sealed case 18CR02363 - a DPD civil rights crime which is compounded in the forthcoming litigation. Allen, Folmart and Montoya had full direct knowledge about the external influences (Hall & Kunze) corrupting the county to seek fabricated fear based criminal charges on 11 May 2018 at 0724, eleven (11) months late.

However, employee Allen - who usually works as a major crimes investigator allowed his personal prejudices to persuade his professional role - by stating to me during an interview, which he left out of his warrant request entirely, at the Denver jail on 14 May 2018: "he already knew I wasn't making a statement and was guilty, because the un-admitted evidence he had on me was rock-solid. And he knew I was in the military and seemed to have a good head on my shoulders: so he was going to come down on me harder than a normal citizen, like he would another senior cop. Because he was going to use me as an example to show society that peace officers are expected to behave at a higher standard."

Later Allen included the libel facts from sealed case 18CR02363, changing the charges after he had applied for the warrant, so that his faulty process of law would fit into his malicious violation of civil rights under the color of authority. Allen fabricated evidence on his statement, stating that he could somehow see physical acts transpire from listening to an audio tape recording. Allen states "Towards the end of the tape, the suspect is heard breaking things and then he grabs the victim"... how could he hear me grab the victim through a tape? Someone would logically have to use vision to see someone be grabbed, the law cannot infer action through audio sound and apply for a criminal charge with inferred insufficient evidence. Allen knew this weakness in his case, as a thirty-five (35) year tenured cop and planted libel so that his theory would stick. In reality, the state included charges to seek a warrant that were impossible to actually prove: because I never grabbed anyone or initiated any physical struggles and there was no forensic medical evidence to support this false allegation. So then, rather than Allen identifying the false report from a slanderous victim one year after the fact: he committed libel further by writing in his warrant request that I was a "multi-state offender," when in reality I had never been convicted of any crime in my entire 36 year old life. Also Allen invented and included in the warrant, without medical records, that I was a "severe PTSD Army Ranger security risk."

Allen never properly served or uploaded the original harassment summons and complaint and DA Boyd pointed out his error stating that the US&C was not a felony, so it needed to be re-submitted. The initial charges were not legally brought so the city fraudulently changed their paperwork after the fact to re-charge and prosecute their mistake under threats. At the trial, Allen lied on the stand about his tampered witness interview illegally extracted twice. Allen coaxed the alleged victim into what to say and recorded her primed and slanderously prepared interview twice. Much like Allen's true mens rea for going after veterans to make examples of - he would not own up to his accountability on the stand. Allen was caught in his admittance to the second abuse of process coercive taping during his cross-examination through intelligent questions.

As a distinguished presidentially appointed Captain with a top secret security clearance my background was clearly attacked by a city employee who was trying to prove a point to the public. Rather than obey his taxpayer funded obligations to

impartiality, Allen chose to commit personal injury to Captain Saxena through submitting and maliciously prosecuting a libel based warrant.

3. Allison Rocker is the Domestic Violence specialist District Attorney who pursued pressing charges, by applying for a malicious warrant based on false evidence and tampered witnesses. Rocker abused due process by maliciously prosecuting a first-time alleged misdemeanor three, the lowest level of M3 crime in colorado above petty infractions: by accepting incomplete evidence with zero forensic links to me from a tampered false-victim witness, including irrelevant information from an illegal background check in NCIC without probable cause, and using professional credentials to acquire a slanderous and libel based warrant ten (10) months late. 18M04752 is essentially a secondary double jeopardy charge for false arrest & sealed case 18CR02363 - a District Attorney civil rights crime which is compounded in the forthcoming litigation. Rocker had full direct knowledge about the external influences corrupting the county to seek fabricated fear based criminal charges in a tardy fashion. However, Rocker chose to allow her personal prejudices and career aspirations to persuade her ethical role through intentional malicious prosecution which imposed undue pain and suffering on disabled veteran Captain Saxena for 2.5 years, 1 year longer than the statute of limitations of prosecution. Rocker included the libel facts from sealed case 18CR02363, and additional libeled allegations so that when she applied for the warrant 1 year late: her faulty process of law would fit into her malicious violation of civil rights under the jaded color of authority.

4. Kenneth Boyd is the District Attorney who decided to formally press charges based on false evidence and tampered witnesses. Boyd abused due process by maliciously prosecuting a first-time alleged misdemeanor three, the lowest level of M3 crime in colorado above petty infractions: by accepting incomplete evidence with zero forensic links to me from a tampered false-victim witness, including irrelevant information from an illegal background check in NCIC without probable cause, and professionally acquiring a slanderous and libel based warrant. 18M04752 is clearly a masked double jeopardy charge for false arrest & sealed case 18CR02363 - a District Attorney civil rights crime which is compounded in forthcoming litigation. Boyd had full direct knowledge about the external influences corrupting the county to seek fabricated fear based criminal charges ten (10) months late. Ultimately, Boyd wilfully allowed his personal prejudices to persuade his professional role through intentional malicious prosecution which imposed extreme undue medical pain and suffering on disabled veteran Captain Saxena for 2.5 years, 1 year longer than the statute of limitations of litigation. Boyd included the libel facts from sealed case 18CR02363, and additional libeled allegations so that when he tried the case 1 year late: his faulty process of law would fit into his malicious violation of civil rights under the illegitimate color of authority.

5. Campbell is a city judge. Campbel is the employee who signed off on the fraudulently procured warrant nearly one year after the alleged incident. Police at the initial scene did not make any arrests or issue citations. Campbell had no authority to issue a warrant based on tardy libeled information brought forth from a tampered witness and malicious prosecution without forensics.

6. McCann is the district attorney supervisor who authorized the filing of fabricated facts on the 404B and Limine motions filed three (3) judicial days before trial. McCann oversaw the prosecution at trial and intentionally filed discriminatory motions to prevent a realistic defense from being formed or presented. If all the facts had been delivered, McCann would have lost her case because she anticipated another plea deal arrangement as per the usual 95% of criminal case conclusions. When McCann realized that I was taking the charges to a trial, she began inventing more violations of due process to conceal her abuse of process and faulty investigation. These motions are not of a legal basis in that, they seek to hinder my defense. Fundamentally, any defendant is able to bring all necessary aspects of evidence to prove their innocence and the rule of law defining equity was egregiously violated by the Denver district attorney by suppressing my federal and state medical records.

7. Lopez is the city attorney who lied about known facts on the 404B and Limine items, she filed two (2) motions improperly three (3) judicial days before Trial. On the 404B she wrote: "Based upon prior conversations with defense counsel and on good faith belief, the People anticipate the defense counsel may ask questions of the victim that indicate she had no reason to fear the defendant would harm her physically." The victim was not in fear and was actively in therapy for couples counseling for her own issues and was attending my veterans affairs therapy sessions and reported no domestic violence during this period. Lopez put a witness on the stand who she knew was inventing her true motive for pressing charges 1 year later, which were something other than fear. My defense was crippled, as I had no way to speak to the truth of the situation once the 404b was granted.

   The main issue with Limine motion is that the office claims "no medical evidence of disability was sent to their office, therefore a medical defense cannot be used." Then how was the original warrant able to be applied for with included written statements that "Captain Saxena is an Army Ranger with 100% PTSD" and a risk? Second, this statement is false, because a packet of veterans affairs medical records of ongoing therapy for five (5) years by doctor and date was submitted during a plea bargaining hearing. At this hearing, another attorney offered to add a charge of petty crime of disturbing the peace with a domestic violence enhancer. The DA surrendered to my official request of deferment of all charges partially, only bargained differently to agree to the menacing charge. Forcing my hand on a due deferred sentence by manipulating me to agree to more charges was an additional abuse of process.

   Lopez sought restitution for damaged property that was not included in the case at all, through another intentional cycle of condoning witness perjury and abusing the

criminal process by including potential civil claims. At the restitution hearing, the victim was not awarded damages based on hard evidence and that she fabricated statements on the stand to Honorable Judge Rodgers, a visiting justice of the peace.

8. Robinson is the city trial attorney who was involved in publication of false facts and libel during sentencing to increase my penalties. She intentionally laughed continuously during my attorneys delivery of oral arguments and caused an unethical disruption in the courtroom. Robinsons opening statement to the jury was "this is an easy case: you already know he's guilty." Again, the malicious nature of Denver's discriminatory prosecution shined through versus adherence to the fundamental rule of law including fair and due process.

9. Jackson is the newly appointed judge who allowed only the prosecution's evidence and zero motion by the defense, including my ability to bring up that I served in the military and had a permanent disability at all. He also coercively tampered with the jury selection process by personally attempting to persuade one woman to stay on the trial. The woman had recently convicted her boyfriend of the same charge and told the court she could not be impartial - because she believed "if things had gotten this far and came to this level, then obviously something happened, a crime had been committed." The logic that Jackson used to trick this civilian into asking, "well, if the prosecution showed you evidence that Mr. Saxena was innocent, would you be able to vote not-guilty?" Inevitably this juxtaposition never materializes in court, because a prosecutor will move to suppress evidence of innocence before they would think of destroying their own case by intentionally disproving the state.

Oddly, another veteran was a proposed jurist at selection who had been convicted of the same crime. He took the plea deal under skeptical domestic circumstances where he had been stabbed, but said during his interview that the system was geared towards targeting certain service member populations. The veteran with benefits has money to pay the fines, a background that is used discriminatorily against him in all personal relationships, and a fear of opposing perceived authority and rules. Therefore, the Denver justice system targets prosecution of these new menacing crimes, for easily predictable populations under duress like a veteran earning benefits, who are willing to take a plea deal to stay out of jail. The undeniable proliferation of the disproportionately accused and convicted veteran population was witnessed at my own trial jury selection.

During trial, Jackson allowed violation of due process and was clearly sided with the prosecution, granting their motions and denying the defense (rule of completeness) - rather than being fair and impartial. Another example is sustaining every single prosecutorial objection and simultaneously overruling the defense on all occasions. Jackson personally thanked the jury members specially for their verdict reached, as a way to corruptly use his office as a tool to influence the population and its culture towards the

political objectives he was appointed to cultivate for re-election goals. In the end, the veteran loses honor and the constituency gains voters.

At sentencing, Jackson would not let my attorney speak, nor my family including my father who is a Ph.D. and worked for the city in the 80s as a head of engineering, and then expected me to say more than what I did. I said that I took accountability for my life and that I needed therapy, so may I please stay out of jail to attend appointments. I never disrespected or disagreed with the court. Then Jackson openly called me a racist in the public court and he tried to illogically hang a hate crime enhancer on his opinion of the case charges. Jackson went on a tirate saying that he knew about the military and the horrors of war, even though he never served… but from being abused by his father - who Jackson made a point to reiterate "his father had three (3) bronze stars. And never got help, because he didn't want to." Then Jackson quadruple maximum sentenced me to (6) months jail time, one (1) year probation, max fines, thirty (30) mandatory classes in nine (9) months, daily urine analysis without underlying substance or alcohol basis, and restitution. Jackson knew I had no medical assistance waiting in jail as a disabled veteran and needed to attend ongoing therapy at veterans affairs appointments that can take months to schedule. Yet Jackson used my own military background that he would not allow mention of as a defense through granting limine, to later justify his unprecedented punitive order sentencing me to endure bodily harm, including forced manual labor at the Denver county jail. Jackson's actions were due to his underlying personal grudges he manifested through a subversive exercising of a municipal level authority, all executed under basic violations of justice afforded by our American constitution and way of life, the same freedoms I was permanently disabled defending overseas in Iraq at the young age of twenty-two (22).

### E.     REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

1.  Attorney fees $8,000.00, lost wages at $100,000.00 annually, and lack of medical attention due to deprivation of care for a disabled veteran multiple of three for treble damage theory prayer included. Captain Saxena also suffered permanent nerve damage and bodily harm to his right arm. The nerve damage resulted from months of forced jail labor executed as a vulnerable disabled veteran who was coerced without medication to engage in daily manual labor. Under medical protections ordered by social security / veterans affairs doctors and judges, Captain Saxena was not legally fit to work in the forced jail jobs, therefore entitlement to suffering relief is due. Total amount requested equals more than $75,000.00.

## F.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.


/s/    *Captain Grant Mitchell Saxena*                     /s/
       *U.S.A. Retired*

*25 January 2022*

Captain Grant Mitchell Saxena, USA, Retired
5725 Corporate Way
Suite 206
#3044
West Palm Beach, FL 33407
(442) 229-4026
grant.saxena@gmail.com

14

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
LETTERSTREAM

Captain Grant M. Saxena, USA, Ret.
5725 Corporate Way
Ste 206 #304
West Palm Beach FL 33407

0005781000000011
Alfred A. Arraj Courthouse
Civil Filings
901 19th Street
Denver, CO 80294
USA

51   AAC7JF4   80294